BROWN v PRUDENTIAL PROPERTY AND CASUALTY COMPANY

Docket No. 57274. Submitted June 14, 1982, at Detroit.—Decided
August 24, 1982.

James R. Brown, Jr., was injured when the motorcycle which he
was operating was involved in a collision with a truck. Plaintiff
sought personal injury protection benefits from Preferred Risk
Mutual Insurance Company under a no-fault insurance policy
issued to his father, James R. Brown, Sr., claiming that he was
domiciled with his father at the time of the accident. Preferred
denied liability on the basis the son was not a resident of the
home of the father. James Brown, Jr., brought an action in
Wayne Circuit Court against Preferred. Plaintiff moved for
summary relief on his claim for declaratory judgment that
Preferred was liable for payment of no-fault benefits. The
motion for summary relief was denied by Thomas J. Foley, J.,
on the basis that there was a question of fact as to plaintiff's
domicile on the date of the accident. Plaintiff amended his
complaint to add Prudential Property and Casualty Company,
insurer of the truck involved in the accident, as a defendant.
Prudential submitted to plaintiff a request for admissions,
including an admission that he was a resident of his father's
house on the date of the accident. Plaintiff did not respond to
the request for admissions. Plaintiff moved for summary judg-
ment against Preferred or, in the alternative, for partial sum-
mary judgment on the question of liability as to both defen-
dants and an order directing each defendant to pay 50% of the
benefits and costs to which plaintiff is entitled. Prudential
moved for summary judgment on the basis that plaintiff, by his
failure to answer the request for admissions, is deemed to have
admitted his domicile with his father and, accordingly, in
compliance with the order of priority in the automobile no-fault

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 353, 354.
61A Am Jur 2d, Pleading § 236.
73 Am Jur 2d, Summary Judgment § 26.
What constitutes a "motor vehicle" covered under no-fault insur-
ance. 60 ALR3d 651.
[2] 7 Am Jur 2d, Automobile Insurance § 343.

insurance act, Prudential was not liable under its policy of insurance issued on the truck. Judge Foley denied plaintiff's motions and granted Prudential's motion. Plaintiff appeals by leave granted. *Held:*

1. Summary judgment should not have been granted in favor of Prudential because plaintiff's admission of domicile with his father is not conclusive of the question of its liability. Prudential's liability turns on the question of whether there exists coverage for plaintiff's injuries under the preferred policy, a question of fact which will be decided in a trial on plaintiff's claim against Preferred.

2. While there is merit to plaintiff's argument that the two insurance companies should jointly share in the payment of benefits during the pendency of the resolution of the dispute as to which company will ultimately be liable for the claim, in the absence of legislative mandate to that effect the courts cannot order either or both companies to pay benefits.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES — MULTIPLE INSURERS — DOMICILE — REQUEST FOR ADMISSIONS — SUMMARY JUDGMENT.

The liability of the insurer of an automobile involved in an accident with a motorcycle for injuries to the motorcyclist is triggered by the lack of coverage by the motorcyclist's own insurance or the insurance of someone with whom the motorcyclist is domiciled; since the motorcyclist's subjective or declared intent as to domicile is not conclusive on the question of domicile and therefore is not conclusive on the question of coverage by other insurance, it is error to grant summary judgment in favor of an insurer of an automobile involved in an accident with a motorcyclist on the basis that the motorcyclist failed to respond to a request for admission that he was domiciled with his father who had a no-fault policy of insurance (MCL 500.3114, 500.3115[1]; MSA 24.13114, 24.13115[1]; GCR 1963, 312.1).

2. INSURANCE — NO-FAULT INSURANCE — MULTIPLE INSURERS — JOINT PAYMENT OF NO-FAULT BENEFITS.

There is no provision in the automobile no-fault insurance act which permits the courts to require joint payment of benefits to an injured person by each of the insurers, either of which might be liable for such payments, during the period in which the question of which insurer is liable is being resolved.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Gregory M. Janks*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Christine D. Oldani*), for Prudential Property and Casualty Company.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

V. R. PAYANT, J. Plaintiff appeals by leave granted from an order for summary judgment in favor of defendant Prudential Property and Casualty Company (Prudential). GCR 1963, 117.2(3). The matter is before this Court on a certified concise statement of facts.

Plaintiff seeks personal injury protection (PIP) insurance benefits under the Michigan no-fault insurance act (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.)* for medical expenses and related economic claims arising from a motorcycle-truck collision on June 27, 1977. As the owner and operator of the motorcycle, plaintiff did not carry motor vehicle insurance. He originally sued Preferred Risk Mutual Insurance Company (Preferred). Preferred had issued a policy of insurance to the plaintiff's father, James R. Brown, Sr., with whom plaintiff claims he was domiciled at the time of the accident.

Preferred denied liability, maintaining that plaintiff was not a resident of his father's household but was living in another house owned by his father at a completely different address in Pontiac, Michigan. Plaintiff's motion for declaratory judgment against Preferred was denied by the trial judge on the basis that a question of fact existed as

* Circuit judge, sitting on the Court of Appeals by assignment.

to the plaintiff's residence on the date of the accident.

Thereafter, by stipulation between the plaintiff and Preferred, plaintiff amended his complaint and added Prudential, the insurer of the truck involved in the accident, as a second defendant. Prudential submitted certain requests for admissions upon plaintiff which requested, among other things, that plaintiff admit "[t]hat on June 27, 1977, plaintiff was a resident of the household of James R. Brown, Sr., at 481 Cameron in the City of Pontiac". Plaintiff never answered the request and therefore it was deemed admitted pursuant to GCR 1963, 312.1.

Plaintiff then filed a motion for summary judgment against Preferred, or, in the alternative, a motion for partial summary judgment as to both Preferred and Prudential, requiring each to pay 50 percent of the benefits recoverable. Prudential responded with a motion for summary judgment, claiming there was no dispute of the material fact that plaintiff was a resident of his father's home on June 27, 1977. Prudential relied on plaintiff's failure to respond to the requests for admissions and his deposition testimony and affidavits in which he claimed that he was domiciled in his father's house on the date of the accident. Prudential claimed this was conclusive as to the residency question.

After a hearing held on both motions, the trial court denied plaintiff's motion and granted summary judgment in favor of Prudential. Plaintiff then moved for summary judgment against Preferred. This motion was also denied and it is from these determinations that plaintiff appeals.

Plaintiff might be excused from feeling that the scenario here resembles that of Heller's *Catch 22.*

His failure to deny that he was domiciled in his father's home, indeed his insistence that he was so domiciled, is deemed conclusive as to Prudential, excusing it from responsibility. Yet his admission of such domicile is not considered conclusive as to Preferred, which is apparently entitled to a jury determination on the issue of domicile.

The prospective outcome is fearful. A person, apparently entitled to PIP benefits from some source, faces a jury which may not be convinced that he is domiciled with his father, thereby exempting his father's insurer, Preferred. The other source of recovery, the insurer for the truck, Prudential, has already been exempted. The statutory scheme for prompt payment of personal injury benefits would seem thwarted.

Such an outcome overlooks the contingency which triggers Prudential's liability. Prudential becomes liable only if plaintiff is not covered by his own insurance, or the insurance of someone with whom he is domiciled. MCL 500.3114, 500.3115(1); MSA 24.13114, 24.13115(1), *Underhill v Safeco Ins Co,* 407 Mich 175, 192; 284 NW2d 463 (1979).

Prudential's potential responsibility to the plaintiff is not contingent on whether plaintiff can prove he resides with his father. Instead, it will become responsible only if Preferred is excused from liability.

The trial judge was correct in denying plaintiff's motions for declaratory or summary judgment that Preferred was the liable party. While plaintiff's claim that he was domiciled in his father's home at the time in question constitutes important evidence, such claims are not conclusive. Other factors besides a person's subjective or declared intent as to domicile must be considered. *Workman*

*v Detroit Automobile Inter-Ins Exchange,* 404
Mich 477, 496-497; 274 NW2d 373 (1979).[1]

The trial judge, however, erred in granting sum-
mary judgment to Prudential. Since Prudential's
liability is contingent on what is found as to
Preferred's liability, if Preferred prevails, plain-.
tiff's protestations or admissions as to his resi-
dency will have no relevance and Prudential be-
comes responsible.

Plaintiff suggests error in the trial judge's re-
fusal to order each insurer to pay 50 percent of
the benefits recoverable pending a resolution as to
which insurer is responsible. Such an idea touches
a responsive chord, particularly when the injuries
appear substantial and long delays have occurred.
Wisely, however, the trial judge declined to en-
graft provisions on the no-fault statute which the
Legislature has not enacted.

The Legislature has acted in a somewhat analo-
gous situation, requiring compensation during a
dispute and appeals under the Worker's Disability
Compensation Act. See MCL 418.862; MSA
17.237(862). No similar provisions, however, are
found in the no-fault act.

Without such legislative enactment, the courts
cannot order either or both insurance companies
to pay benefits on general notions of equity.
Should plaintiff ultimately prevail, he will be per-
·mitted to recover interest on any overdue benefits

[1] In *Workman,* the Supreme Court set forth the factors to be
weighed by the trial court in determining domicile, of which no one
factor is, in itself, determinative: "(1) the subjective or declared intent
of the person of remaining, either permanently or for an indefinite or
unlimited length of time, in the place he contends is his 'domicile' or
'household'; (2) the formality or informality of the relationship be-
tween the person and the members of the household; (3) whether the
place where the person lives is in the same house, within the same
curtilage or upon the same premises; (4) the existence of another
place of lodging by the person alleging 'residence' or 'domicile' in the
household." (Citations omitted.)

under MCL 500.3142; MSA 24.13142. If it should be determined that the insurer ultimately found responsible has unreasonably refused to pay the claim, plaintiff might be awarded attorneys fees under MCL 500.3148; MSA 24.13148.

Order for summary judgment is reversed and remanded for trial.